(No. 79-CC-0919-)

CHARLES WASHINGTON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 2, 1980.*

CHARLES WASHINGTON, *pro se*, for Claimant.

Roe, C. J.

This is a claim brought by Claimant, an inmate of Stateville Correctional Center, for the value of certain items of personal property allegedly lost in the course of his transfer from Menard Correctional Center to Stateville Correctional Center on October 4, 1979. The value ascribed by Claimant to the items is $892.88.

Claimant's exhibit 1 is a five-page inventory prepared by the authorities at Menard setting forth each item packed by the Menard authorities for transfer by bus to Stateville.

Claimant testified that when the property was delivered to him after his arrival at Stateville he refused to accept it because some of the property was missing.

"THE WITNESS: Okay. On the 4th of October, okay, I was transferred from Menard to Stateville. Okay? While waiting, all my personal property in the hold of the bus and all boxes was intact when I got here. Then Lt. Rodriguez walked me to B East orientation. Then that Sunday which would have been on the 6th, on the 6th of October, okay, I was called down about my personal property, and then I checked it and found that everything was not intact. *So, I refused it.* Okay?" (Emphasis supplied.)

Claimant reiterated this testimony later on during the course of the hearing.

Assuming that some of the property was in fact missing, Respondent terminated the bailment with respect to the items that were *not* missing when it attempted to deliver those items to Claimant.

"A bailment terminates when the subject matter of the bailment is returned by the bailee * * *." Illinois Law and Practice volume 4a, page 531, Bailments, chapter 2 section 22.

Taking at its face value Claimant's testimony that he walked away from his property and left it sitting on the flag of the cell house—in effect abandoning it—puts the responsibility for its loss on Claimant. The decision to abandon his property was Claimant's.

Claimant is suing for the value of *all* of his property, not only the items allegedly lost while in the physical possession of Respondent, but also the items he refused to accept. There is nothing in the law of bailments that would give to Claimant the right to refuse arbitrarily to accept the portion of his property returned to him just because another portion was missing. Since there is nothing in the record to identify the items which might have been lost by the State during the course of or immediately after Claimant's transfer from Menard to Stateville, and Claimant has the burden of proof, it is impossible to make any award.

Elmer Maxwell, personal property officer at Stateville, called on behalf of Respondent, testified that Claimant's family picked up some of Claimant's property. (Rec. 13). Claimant acknowledged this.

Lt. Bellamy, likewise called on behalf of Respondent, testified that he delivered Claimant's property to him, and that Claimant did not leave it on the flag but carried it up into the gallery. Claimant rebutted this testimony by saying that he did in fact leave his property on the flag, and that he and his cellmate carried only his cellmate's property to the gallery.

If Lt. Bellamy's testimony is taken as true, it is still impossible to make an award, because Claimant claims the loss of all of his property.

It is ordered that this claim be denied.